IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Ryan Button, aka King Blue Sincere | No. CV-24-00232-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Defendants. | |

Before the Court is Magistrate Judge Alison S. Bachus's Report and Recommendation ("R&R") recommending dismissal of Plaintiff's First Amended Complaint for failure to serve Defendant Ornealas and failure to comply with the Court's Orders. (Doc. 22.) Neither party filed objections to the R&R. The Court will accept and adopt the R&R as follows.

### I.    BACKGROUND

On February 2, 2024, Plaintiff Matthew Ryan Button, aka King Blue Sincere, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court dismissed the Complaint with leave to amend on July 29, 2024, for failure to state a claim. (Doc. 6.) Plaintiff filed his First Amended Complaint ("FAC") on August 16, 2024, (Doc. 15), and thereafter filed a Motion for Default Judgment on January 1, 2025, (Doc. 18), without filing proof of service on Defendants. On May 22, 2025, the Court dismissed all claims and Defendants except for Counts Two and Four alleging claims of Eighth Amendment sexual harassment and First Amendment retaliation as to Defendant Ornealas. (Doc. 19.) The

Court also ordered Plaintiff to effect service on Defendant Ornealas, or obtain a waiver of service, within 60 days. (*Id.* at 19.) On August 4, 2025, the Court issued an Order to Show Cause for failure to serve and comply with the Court's Order. (Doc. 21.) Plaintiff failed to respond to the Order to Show Cause, so on August 29, 2025, the Magistrate Judge issued an R&R recommending dismissal of the FAC for failure to serve Defendant Ornealas, failure to comply with court orders, and failure to prosecute his case. (Doc. 22.) As of the date of this Order, Plaintiff has not filed proof of service or responded to the Order to Show Cause, and no objections to the R&R have been filed.

## II.    LEGAL STANDARD

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* When no objection is made, the district court need only review de novo a magistrate judge's conclusions of law. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998)).

## III.    REPORT AND RECOMMENDATION

In the R&R, Magistrate Judge Bachus recommended the FAC be dismissed because there is no good cause to excuse Plaintiff's failure to serve Defendant Ornealas:

> There is no indication from the docket that Defendant Ornealas has actual notice of this action. At this juncture the matter has been pending over a year and the Court has nothing before it that would indicate service is forthcoming. . . . In recommending dismissal for lack of service, undersigned recognizes Plaintiff's incarcerated status and that public policy favors resolution on the merits. However, Plaintiff has failed to make any effort to show good cause, and the time for service passed months ago.

(Doc. 22 at 3.)

Additionally, though the Order to Show Cause was returned as undeliverable, Plaintiff was previously warned that failure to notify the Court of his address change could result in dismissal. (Doc. 13 at 6.) The Magistrate Judge further noted that it appears "from the record Plaintiff understood [this warning] because he has already filed a notice of change in address previously in this case." (Doc. 22 at 4.)

Lastly, the Magistrate Judge considered the *Ferdik* factors, *see Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (1992), in recommending dismissal for failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure:

> While the Court recognizes public policy favoring disposition of matters on their merits, Plaintiff has failed to comply with the Court's order, and the Court must efficiently manage its caseload. The Court further acknowledges the public's interest in expeditious resolution of litigation. Defendant Ornealas has not been served; continued delay may prejudice him . . . . The Court has considered the availability of less drastic alternatives, but Plaintiff is not responsive to the Order to Show Cause and is not prosecuting his case.

(Doc. 22 at 4.)

As explained in the R&R, Plaintiff has failed to timely serve Defendant Ornealas, failed to comply with multiple Orders of the Court, and failed to prosecute his case. The Court finds the R&R is thorough and well-reasoned, without any clear error of law or fact. *See United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989). Pursuant to 28 U.S.C. § 636(b)(1), the Court accepts and adopts the R&R as the opinion of the Court. For the reasons stated in the R&R, the Court dismisses the FAC without prejudice.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 22) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** the First Amended Complaint (Doc. 15) is **DISMISSED**. The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

Dated this 25th day of March, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge